**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JOSE LUIS JIMENEZ-MENDEZ, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02346-SHL-atc |
| CHRISTOPHER BULLOCK, Field Office Director of the New Orleans Field Office, U.S. Immigration and Customs Enforcement, | ) ) ) ) | |
| Respondent. | ) | |

**ORDER REQUIRING EXPLANATION FROM RESPONDENT**

On April 10, 2026, the Court granted Petitioner Jose Luis Jimenez-Mendez's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (ECF No. 12.)  The Court's order, filed at 10:53 a.m., ordered Respondent to release Jimenez-Mendez immediately, and further ordered Respondent "to file a Status Report with this Court on or before April 15, 2026, to certify compliance with this Order."  (Id. at PageID 68.)  Six days later, Respondent at last released Jimenez-Mendez and filed the Status Report.  (ECF No. 13.)  Respondent states that, "[d]ue to an oversight on the part of counsel for the Respondent, Petitioner was released the day after the status date set by this Court.  Counsel moved to rectify this oversight as soon as it was brought to his attention and arranged for the immediate release as ordered by this Court."  (Id. at PageID 69.)

It is unacceptable that, after the Court held that Jimenez-Mendez was detained unlawfully and ordered his immediately release, he was then detained for an additional six days "[d]ue to an oversight."  If a Special Assistant U.S. Attorney fails to phone the proper authorities to secure the release of a petitioner, the U.S. Attorney's Office must institute a procedure to ensure that the

Court's orders are followed nonetheless.

Accordingly, Respondent is **ORDERED** to explain why he failed to immediately release Jimenez-Mendez and outline his plans to prevent such an oversight in the future.

**IT IS SO ORDERED,** this 17th day of April, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE